# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

DONALD TANNEHILL, on behalf of
himself and all others similarly situated                    PLAINTIFF

v.                      No. 3:19-cv-140-DPM

SIMMONS BANK                                                  DEFENDANT

## ORDER

There wasn't enough money in Tannehill's checking account at Simmons Bank in mid-October 2018 when he tried to make a $23.84 payment to Planet Fitness. The Bank charged him a total of $105.00 — an original $35 insufficient-funds fee, which Tannehill doesn't contest; $35 more when a second attempted payment, which Tannehill didn't request, failed in late October; and an overdraft charge of $35 in mid-November when Simmons paid Planet Fitness, again without Tannehill's knowledge or request. Tannehill didn't use the Bank's error-resolution procedure to address the situation. Instead, he filed this case, on behalf of himself and others, challenging what he sees as Simmons's practice of charging multiple fees for one payment.

Tannehill claims breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment. In response to Simmons's motion to dismiss, he abandoned claims about out-of-network ATM fees. Simmons argues three main things: all the

fees were authorized; Tannehill's failure to use the error-resolution procedure is fatal to his lawsuit; plus his claims have other defects.

First, Tannehill has stated a claim for breach of contract. Resolving the parties' dispute will require interpreting their contract, including the rather complicated ACH rules, which are incorporated. Simmons argues Tannehill's suit is precluded because he failed to use the contract's error-resolution process. But the parties' arguments on that question also depend on the contract's meaning. There may or may not be ambiguity; the Court is unable, though, to hold unequivocally at the threshold that Tannehill's breach claim fails as a matter of law.

Second, a violation of the implied covenant is not a separate claim. *Mountain Home Flight Service, Inc. v. Baxter County, Arkansas*, 758 F.3d 1038, 1043 (8th Cir. 2014). But Tannehill's allegation survives as part of his breach claim.

Third, Tannehill's alternative claim for unjust enrichment survives. It's too early to tell whether the contract addresses every issue in this case. If it does not, Tannehill may have a solid equitable claim. *United States v. Applied Pharmacy Consultants, Inc.*, 182 F.3d 603, 605–09 (8th Cir. 1999).

\* \* \*

Motion, № 12, partly granted and partly denied.

So Ordered.

*D.P. Marshall Jr.* (signature)
D.P. Marshall Jr.
United States District Judge

21 October 2019