UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

DONALD TANNEHILL, on behalf of
himself and all others similarly situated,

    Plaintiff,

vs.

SIMMONS BANK,

    Defendant.

Case No. 3:19-cv-00140-DPM

## STIPULATED PROTECTIVE ORDER

The parties have stipulated and agreed to entry of this consent order, which meets the Court's approval. Therefore, it is ORDERED as follows:

### SCOPE

1. The protections conferred by this Order cover confidential matter designated by the parties and non-parties pursuant to the terms of this Order. All copies, excerpts, summaries, compilations, testimony, conversations, presentations, documents, or records that include, communicate, or reveal designated confidential matter are themselves deemed to constitute confidential matter of the same type whether or not so marked or designated. The scope of this Order does not include the treatment of personal identifying information or individual financial data of bank customers other than the named plaintiff to which privacy protections are mandated by the Gramm-Leach-Bliley Act or other similar laws, which information and data will be the subject of further discussion and order(s), if necessary, to the extent that the production of such data is sought.

## DESIGNATING PROTECTED MATTER

2.  Any party or non-party may designate as "Confidential" any document, response to discovery, or any other information that is not in the public domain and that the producing party or non-party believes in good faith to contain trade secrets or confidential product development, business, financial, strategic planning, security or customer information. The fact that any matter has been designated by a producing party as "Confidential" shall not be construed as creating any presumption as to the confidentiality of the information in the event of a motion challenging the confidentiality designation.

3.  Any party or non-party may designate as "Highly Confidential" any Confidential document, response to discovery, or any other matter, the disclosure of which the party or non-party believes in good faith would create a serious risk of monetary or non-monetary injury, or breach of security or customer privacy and, therefore, warrants the additional protection afforded under this Order for Highly Confidential matter. The fact that any matter has been designated by a producing party as "Highly Confidential" shall not be construed as creating any presumption as to the confidentiality of the information in the event of a motion challenging the confidentiality designation.

4.  A party or non-party designating matter as "Confidential" or "Highly Confidential" shall make a good faith determination that any matter designated as "Confidential or "Highly Confidential" warrants protection hereunder. Designations of matter as "Confidential" or "Highly Confidential" must be narrowly tailored to include only matter for which there is good cause. Designations shall be made by stamping each designated page, if practicable, or otherwise by stamping the title page, CD, DVD, hard drive or other medium

containing the designated matter with either "Confidential" or "Highly Confidential," whichever may be the case; or as otherwise set forth herein.

5. A party or non-party that makes original matter available for inspection need not designate it as Confidential or Highly Confidential until after the inspecting party has indicated which matter it would like copied and produced. During the inspection and prior to the designation and copying, all of the matter made available for inspection shall be considered Highly Confidential (except for depositions of the named plaintiff, which shall be treated as Confidential).

6. Any copies or reproductions, summaries, or other documents or media (e.g., electronic, video, or audio) that excerpt, contain or otherwise reveal the substance of (other than in non-confidential general terms) Confidential or Highly Confidential matter shall also be treated by the receiving party as Confidential or Highly Confidential matter pursuant to this Order.

7. Deposition testimony and the transcripts and video recordings of depositions conducted during pretrial discovery in this litigation shall be treated as Highly Confidential (except for depositions of the named plaintiff, which shall be treated as Confidential) for a period of twenty-one (21) business days, or any different number of days as the parties may agree, after receipt of the deposition transcript or video recordings, to allow time for the deponent or counsel for that deponent, or any party or non-party or its counsel, to notify all parties of any Confidential or Highly Confidential matter. A party or non-party to this Action may designate in writing, within twenty-one (21) business days after receipt of the deposition transcript or video recording for which the designation is made, those pages of the transcript or portions of the recording to be treated as Confidential or Highly Confidential. A party or non-party to this

Action may also designate matter disclosed during a deposition as Confidential or Highly Confidential by so indicating on the record during the deposition. Any other party to this Action may, but need not, object to the designation on the record. After any designation made according to the procedure set forth in this paragraph, the designated matter shall be treated according to the designation until any dispute is resolved according to the procedures described in paragraph 16 below.

8. A party may designate as Confidential or Highly Confidential matter produced by a non-party by providing written notice to all parties of the relevant Bates numbers or other identification within fourteen (14) business days after receiving the matter.

9. Inadvertent production of or failure to designate any matter as Confidential or Highly Confidential shall not be deemed a waiver of the producing party's or non-party's claim of confidentiality as to the matter, and the producing party or non-party may thereafter designate the matter as Confidential or Highly Confidential within fourteen (14) business days of the discovery of the inadvertent production or failure to designate.

## DISCLOSURE AND USE OF PROTECTED MATTER

10. All matter produced or exchanged in the course of this Action shall be used solely for purposes of prosecuting or defending this Action. Under no circumstances shall any matter produced or exchanged in this litigation (and not available from other publicly-available sources) be used for any business, commercial, competitive or personal purposes, or for any other litigation.

11. Absent the prior written consent of the parties in this Action, or upon prior Order of this Court obtained following notice to opposing counsel, Confidential matter (including any

4

copies of, notes made from, or information contained in Confidential matter) shall only be disclosed to the following persons:

(a)  The Court, including court personnel;

(b)  Court reporters and their assistants, to the extent reasonably necessary for reporting of depositions, hearings and proceedings;

(c)  Any mediator selected by the parties to this Action or the Court to mediate the Action;

(d)  The attorneys of record in the Action, including the respective employees and personnel retained by those attorneys or law firms to whom it is reasonably necessary to disclose the matter in furtherance of the prosecution or defense of the Action, such as litigation assistants, paralegals, secretarial and other clerical personnel;

(e)  In-house counsel for a party to the Action, including legal assistants and other legal and clerical staff, to whom it is reasonably necessary to disclose the matter in furtherance of the prosecution or defense of the Action;

(f)  Vendors retained to assist in the Action by an attorney described in subparagraph (d) of this paragraph including, but not limited to, copying and reproduction services, provided they sign the "Acknowledgement and Agreement to be Bound" attached as Exhibit A to this Order before being shown Confidential matter, and provided further they do not retain any copies of any Confidential matter;

(g)  Authors, originators, or original recipients of the matter, as specifically reflected on the face of the matter;

(h)  Present employees, officers and directors of the party or non-party producing the Confidential matter;

(i) Other party and potential non-party witnesses as well as former employees of the party to whom disclosure is deemed reasonably necessary by attorneys of record in the Action, provided the witness signs the "Acknowledgement and Agreement to be Bound" attached as Exhibit A to this Order before being shown Confidential matter, and provided the witness does not retain any copies of any Confidential matter. In the event a witness refuses to sign the "Acknowledgement and Agreement to be Bound," he or she may be shown Confidential matter only at a deposition after, on the record of the deposition: stating his or her refusal, being advised that the following Order applies to him or her, and being read the following: "By order of the Court in this Action, you may not disclose in any manner any Confidential matter to any person or entity except in strict compliance with the provisions of this Order, and if you do so, you may be subject to sanctions and punishment by the Court."

(j) Experts or consultants (whether testifying or non-testifying) retained by a party or counsel to the Action, provided the experts or consultants sign the "Acknowledgement and Agreement to be Bound" attached as Exhibit A to this Order before being shown Confidential matter;

(k) Insurers of the defendant in the Action; and

(l) Individual parties to the Action, including management representatives of corporate parties.

The "Acknowledgements and Agreements to be Bound" that are required to be signed as provided in this paragraph and in the succeeding paragraph shall be retained by counsel for the party disclosing the Confidential matter and made available for inspection by the Court *in camera*, upon request by any party and a showing of good cause.

12. Except with the prior written consent of the other parties to an Action, or upon prior order of this Court obtained after notice to opposing counsel, Highly Confidential matter shall be treated in the same manner as Confidential matter pursuant to paragraph 11 above, except that Highly Confidential matter only shall be disclosed to persons described in categories (a) through (h) and (j) through (k). Notwithstanding the foregoing, if a specific document or deposition testimony designated "Highly Confidential" explicitly mentions Plaintiff in the Action or expressly addresses Plaintiff's account, account history, account transactions or fees, or similar content that specific matter may be shown to Plaintiff.

13. Any persons receiving Confidential or Highly Confidential matter shall not reveal the matter to, or discuss the matter with, any person who is not entitled under this Order to receive the matter. If a party or any of its representatives, including counsel, inadvertently discloses any Confidential or Highly Confidential matter to a person or counsel to whom disclosure is not authorized under this Order, the inadvertently disclosing party shall (a) provide immediate written notice of the disclosure to the producing party, and, if different, to the designating party and the party whose matter was inadvertently disclosed, (b) use its best efforts to retrieve all copies of the inadvertently disclosed matter, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request the person or persons to whom unauthorized disclosures were made sign the "Acknowledgement and Agreement to be Bound". If a party or any of its representatives, including counsel, has actual knowledge that Confidential or Highly Confidential matter is disclosed to a person not authorized to receive that matter, regardless of how the matter was disclosed or obtained, the party or its representative shall provide immediate written notice of the unauthorized disclosure to the party or non-party whose matter is being used or possessed.

14. Any disclosure by a party or non-party of Confidential or Highly Confidential matter it produced and designated as Confidential or Highly Confidential shall be in accordance with the terms and requirements of this Order.

### PROTECTED MATTER SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

15. If a court or government agency subpoenas or orders production of Confidential or Highly Confidential matter from a party to this Action, the party shall promptly notify counsel for the party or non-party who produced or designated the matter of the pendency of the subpoena or order and shall furnish counsel with a copy of the subpoena or order. The party receiving the subpoena or order shall also promptly inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the matter covered by the subpoena or order is subject to this Order.

### CHALLENGING CONFIDENTIALITY DESIGNATIONS

16. If a party contends that any matter is not entitled to confidential treatment, the following procedures apply:

(a) <u>Timing of Challenges</u>. Unless a prompt challenge to a confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the Action, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

(b) <u>Meet and Confer</u>. A party that wishes to challenge a confidentiality designation must do so in good faith and by conferring directly with the designating party. A request by the challenging party to meet and confer must be honored by the designating party by scheduling a mutually-agreeable meet and confer within fourteen (14) business days of the request being

8

made. In conferring, the challenging party must identify the matter that is subject to the challenge, the basis for its belief that the confidentiality designation was not proper, and give the designating party a reasonable opportunity to review the designated matter, to reconsider the circumstances and, if no change in designation is offered, to explain the basis for the chosen designation. Unless otherwise agreed, a response to any challenged designation must be received within seven (7) business days of the meet and confer between counsel.

(c) Judicial Intervention. If the parties reach an impasse regarding a challenge to a Confidential or Highly Confidential designation, they should file a joint report explaining the disagreement. The parties should file this paper under the CM/ECF event called "Joint Report of Discovery Dispute." The joint report must not exceed ten pages, excluding the style and signature block. Each side gets five pages. The parties should not file a motion asking for more pages. Use double spacing and avoid footnotes. Attach documents (such as disputed written discovery or responses) as needed. Redact any attachments as required by Federal Rule of Civil Procedure 5.2 to protect confidential information. The parties should file any joint report sufficiently before the discovery cutoff so that the dispute can be resolved, and any additional discovery completed, without undermining other pretrial deadlines. The Court will rule or schedule a hearing. The parties should alert the law clerk on the case to the joint report's filing. If a dispute arises as to the confidentiality of a document during a deposition, call chambers so the Judge can rule during the deposition. The burden of persuasion shall be on the party or non-party that has designated matter as Confidential or Highly Confidential.

17. Notwithstanding any challenge to the designation of any matter as Confidential or Highly Confidential, all matters shall continue to be treated as they were designated and shall be subject to the provisions hereof unless and until one of the following occurs:

(a) the party or non-party who claims that the matter is Confidential or Highly Confidential withdraws or changes the designation in writing; or

(b) the Court rules the matter is not entitled to protection as Confidential or Highly Confidential matter.

**DURATION**

18. This Court retains jurisdiction to enforce this Order for one year after the conclusion of the Action (including any appellate review). Thereafter, the provisions of this Order shall be solely a matter of contract between the parties and signatories. Upon conclusion of the Action, a party in the possession of Confidential or Highly Confidential matter disclosed in the Action, other than that which is contained in pleadings, correspondence and deposition transcripts, shall either: (a) return the matter no later than sixty (60) days after conclusion of the Action to counsel for the producing party who provided the matter and certify in writing within sixty (60) days that no copies were created by the party returning the Confidential or Highly Confidential matter or if copies were created, they were destroyed, or (b) destroy the matter upon consent of the producing party who provided the matter and certify in writing within sixty (60) days that the matter has been destroyed.

**INADVERTENT PRODUCTION OF PRIVILEGED OR PROTECTED MATTER**

19. Nothing herein shall be deemed to waive or limit any applicable privilege or work product or other protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of matter protected by privilege or work product protection. If a party inadvertently produces matter that it later discovers, or in good faith later asserts, to be privileged or otherwise protected from disclosure, the production of that matter will not be presumed to constitute a waiver of any applicable privileges or other protection, provided the producing party complies

with this paragraph. In such circumstances, the producing party must immediately notify in writing all parties to the Action of the inadvertent production and the basis for the privilege or other protection, and request in writing the return or confirmed destruction of the inadvertently produced privileged or protected matter. Upon notification, the parties shall treat the matter as privileged or protected unless and until the parties agree otherwise or the Court determines the matter is not privileged or protected. Within seven (7) business days of receiving the notification, all receiving parties shall (a) return the matter to the producing party; or (b) confirm in writing to the producing party the destruction of the matter, including all excerpts, summaries, compilations, and other documents or records that include, communicate or reveal matter claimed to be privileged or protected, or (c) notify the producing party in writing of the basis for its disagreement that the matter is privileged or protected from disclosure. In the latter event only, the receiving party or parties may retain one copy of the matter asserted to be privileged for the sole purpose of responding to a motion by the producing party to deem the matter privileged or protected from disclosure and shall comply with (a) or (b) of this paragraph with respect to all other copies of the matter and all other documents or records that include, communicate or reveal matter claimed to be privileged or protected. Should the parties be unable to agree on whether the matter is privileged or protected, the producing party shall file a motion with the Court within thirty (30) days of its receipt of the receiving party's notice of disagreement under (c) above, to deem the matter privileged or protected and to obtain the return of any copy of the matter still held by the receiving party.

20. The provisions of the Fed. R. Evid. 502 Order that this Court has separately entered also apply to the inadvertent production of privileged or protected information.

**FILING PROTECTED MATTER**

21.   Absent written permission from the designating party or a court order secured after appropriate notice to all interested persons, all Confidential or Highly Confidential matter filed with the Court shall be filed in redacted form in accordance with Fed. R. Civ. P. 5.2 if possible. Specifically, the information listed in Fed. R. Civ. P. 5.2(a) should be redacted so that filings may be made publicly. If a document contains so much Confidential or Highly Confidential Information that filing a redacted version is impossible or impractical, the filing party may seek to file the document under seal in accordance with Fed. R. Civ. P. 5.2 and the local rules and procedures of this Court. The parties acknowledge that this Order creates no entitlement to file confidential information under seal; the party seeking to file confidential information under seal shall follow the procedures specified by this Court.

**USING PROTECTED MATTER IN COURT PROCEEDINGS**

22.   In the event that any party intends to use any Confidential or Highly Confidential matter in any public trial or hearing in this action or any appeal in this action, the party proposing to use the matter shall give adequate notice to the designating party to permit the designating party an opportunity to seek appropriate protection from the Court. "Adequate notice" means at least seven (7) business days, unless the proceeding at issue is scheduled by the Court with less than seven (7) business days' notice, in which case the party proposing to use the matter shall give reasonably practicable notice to the designating party.

**MISCELLANEOUS**

23.   The provisions of this Order may be modified at any time by stipulation of the parties, or upon noticed motion by a party to this Action for good cause shown.

24. Nothing in this Order shall affect the right of any party or non-party to oppose any request for discovery on any ground permitted by the Federal Rules of Civil Procedure or other applicable law, and no party shall be deemed by virtue of this Order to have waived any right it otherwise would have to object to disclosing or producing any matter on any ground. Similarly, no party waives any right to object on any ground to the use in evidence of any of the matter covered by this Order.

25. Nothing in this Order shall prejudice the right of any party or non-party to move the Court to broaden or restrict the rights of access to or use of particular matter, or to seek modification of this Order upon due notice to all other parties and affected non-parties.

26. Nothing in this Order is intended to increase or to limit any preexisting duty of confidentiality, pursuant to contract or otherwise, that a party or non-party may owe each other with respect to any matter.

SO ORDERED this the 27th day of February, 2020.

*D.P. Marshall Jr.*
D. P. MARSHALL, JR.
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, _____, [print or type full name], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order (the "Order") executed on January ___, 2020 in the action entitled *Tannehill v. Simmons Bank*, Case No. 3:19-cv-00140-DPM (E.D. Ark.) ("Action"). I agree to comply with and to be bound by all the terms of that Order. I solemnly promise that I will not disclose in any manner any matter or item that is subject to this Order to any person or entity, except in strict compliance with the provisions of this Order. I understand and acknowledge that my failure to comply with the Order could expose me to sanctions and punishment in the nature of contempt. For the purpose of enforcing the terms of this Acknowledgement and Agreement to be Bound, I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of Arkansas, solely with respect to any action to enforce the terms of the Order, even if the enforcement proceedings occur after termination of the Action, and even if the Action is remanded to its transferor court for trial.

Date: _____

Home Address: _____

_____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____